[No. 2694–3. Division Three. May 30, 1978.]

*In the Matter of the Personal Restraint of*
JOSE GRAJEDA, *Petitioner.*

*Jose Grajeda,* pro se.

*Paul Klasen, Prosecuting Attorney,* and *Ken Jorgensen, Deputy,* for respondent.

PER CURIAM.—Jose Grajeda seeks relief from personal restraint imposed by a sentence entered upon a guilty plea to second–degree theft. He contends he was denied his right to counsel. We vacate the plea because of the trial court's failure to comply with CrR 4.1(c).

At the time he entered his plea, Mr. Grajeda was advised of his right to counsel but proceeded without requesting appointment of counsel. The judge did not ascertain whether his waiver of counsel was made voluntarily, competently, and with knowledge of the consequences. Nor did the judge make any finding as to the validity of the waiver.

CrR 4.1(c) provides in relevant part:

> If the defendant chooses to proceed without counsel, the court shall ascertain whether this waiver is made voluntarily, competently and with knowledge of the consequences. If the court finds the waiver valid, an appropriate finding shall be entered in the minutes. Unless the waiver is valid, the court shall not proceed with the arraignment until counsel is provided.

CrR 4.1(c) implements due process requirements as construed by the United States Supreme Court. *See Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966); *Carnley v. Cochrane*, 369 U.S. 506, 516, 8 L. Ed. 2d 70, 82 S. Ct. 884, 890 (1962); Washington Proposed Rules of Criminal Procedure, 4.1(c) (1972); ABA Standards, Pleas of Guilty § 1.3 (1968). In the present case, there was a complete failure to follow CrR 4.1(c), and the plea must be set aside.

As noted by the Supreme Court in *Carnley v. Cochrane, supra* at 516:

> Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver.

The plea of guilty is vacated and the cause remanded for further proceedings consistent with this decision.